DARRYL D. YORKEY (SBN 280351)
P.O. Box 9636
Berkeley, California 94709
Telephone: (510) 221-6874
Fax: (888) 491-5926
Email: dyorkey@gmail.com

ALAN BECK (SBN 276646)
2962 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

Attorneys for Plaintiffs:
Philip Shen, Nima Kormi, Michael Bales, and Kevin Chen

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILIP SHEN**, through his Guardian John Shen; **NIMA KORMI**, through his Guardian Ellie Kormi; **MICHAEL BALES**, through his Guardian Patricia Mingucci; and **KEVIN CHEN**, through his Guardian Kai Dong Chen, <br><br> Plaintiffs, <br><br> v. <br><br> **ALBANY UNIFIED SCHOOL DISTRICT**; **ALBANY HIGH SCHOOL**; **VALERIE WILLIAMS**, in her personal and official capacities as Superintendent of the Albany Unified School District; **JEFF ANDERSON**, in his personal and official capacities as Principal of Albany High School; **MELISA PFOHL**, in her personal and Official capacities as Assistant Principal of Albany High School; **SUZANNE YOUNG**, in her personal and official capacities as Instructor at Albany High School; and DOES 1-50, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> 1. Violation of the First Amendment <br> 2. Violation of California Law <br> 3. Violation of the Fourteenth Amendment – Due Process <br> 4. Violation of the Fourth Amendment <br> 5. Violation of the Fourteenth Amendment – Unreasonable Mistreatment |

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

COME NOW the Plaintiffs, Philip Shen, Nima Kormi, Michael Bales, and Kevin Chen ("Plaintiffs"), by and through their undersigned counsel, and complain of the Defendants as follows:

**PARTIES**

1.      Plaintiff Phillip Shen, by and through his guardian and father John Shen, is a minor. He is a natural person and a citizen of the United States and State of California, residing in Alameda County. He is a student at Albany High School and is the victim of the policies complained about below.

2.      Plaintiff Nima Kormi, by and through his guardian and mother Ellie Kormi, is a minor. He is a natural person and a citizen of the United States and State of California, residing in Alameda County. He is a student at Albany High School and is the victim of the policies complained about below.

3.      Plaintiff Michael Bales, by and through his guardian and mother Patricia Mingucci, is a minor. He is a natural person and a citizen of the United States and State of California, residing in Alameda County. He is a student at Albany High School and is the victim of the policies complained about below.

4.      Plaintiff Kevin Chen, by and through his guardian and father Kai Dong Chen, is a minor. He is a natural person and a citizen of the United States and State of California, residing in Alameda County. He is a student at Albany High School and is the victim of the policies complained about below.

5.      On information and belief, Defendant Albany Unified School District ("AUSD") is a public entity in the State of California duly organized under the laws of the State of California, and more particularly the provisions of the Education Code, to provide, among other things, education to minors in public schools within the District. AUSD has, and at all times mentioned herein has had, its principle place of business in Alameda County, California. Defendant AUSD is responsible for

enacting and enforcing its customs, policies, practices and laws related to the suspensions and student discipline complained about below.

6.    On information and belief, Defendant Albany High School is a comprehensive public high school located in Albany, California.  It is part of the Albany Unified School District.  Defendant Albany High School is responsible for enacting and enforcing its customs, policies, practices and laws related to the suspensions complained about below.

7.    On information and belief, Defendant Valerie Williams is a natural person and a citizen of the United States and the State of California. Ms. Williams, sued both in her personal and official capacity, is the Superintendent of AUSD.

8.    On information and belief, Defendant Jeff Anderson is a natural person and a citizen of the United States and the State of California. Mr. Anderson, sued both in his personal and official capacity, is the Principal of Albany High School, a constituent entity of AUSD.

9.    On information and belief, Defendant Melisa Pfohl is a natural person and a citizen of the United States and the State of California. Ms. Pfohl, sued both in her personal and official capacity, is the Assistant Principal of Albany High School, a constituent entity of AUSD.

10.    On information and belief, Defendant Suzanne Young is a natural person and a citizen of the United States and the State of California. Ms. Young, sued both in her personal and official capacity, is an Instructor in the Mathematics Department of Albany High School, a constituent entity of AUSD.

11.    Defendants Does 1-50 are sued in both their personal and official capacity as administrators and/or instructors of Albany High School and AUSD. Does 1-50 are responsible for executing, maintaining and administering the customs complained about below and may be participants in the unconstitutional acts and practices discussed within this complaint.

12.    Defendants Does 1-50, because of their improper enforcement and disciplinary actions, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

13.    Plaintiffs have reviewed all documents available to them and have made a diligent and good faith effort to ascertain said persons' full names and identities.

14. Employees of Albany High School and/or AUSD enforced the policies complained about below.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

16. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

**The First Amendment**

17. The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances..."

18. In *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995), the Supreme Court declared: "Discrimination against speech because of its message is presumed to be unconstitutional". The First Amendment guarantees individuals a fundamental right to freedom of expression and speech. *Tinker v. Des Moines School. Dist.*, 393 U.S. 503 (1969).

19. The First Amendment extends to all forms of expressive speech. This includes internet "likes" and comments. *Bland v. Roberts,* 730 F.3d 368 (4th Cir. 2013).

20. Under the First Amendment schools may only prohibit speech if it creates a substantial disruption to school activities and when said conduct is done within the school or school sponsored activity. *Morse v. Frederick,* 551 U.S. 393 (2007)

**CA State Law**

21. Article 1, § 2, of the California Constitution provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." The California Constitution's protections to speech are at times greater than the federal constitution's protection to speech. *The Pruneyard Shopping Ctr. v. Robins*, 447 U.S. 74 (1980).

22.    Cal. Educ. Code Sec. 48950(a) provides that "A school district operating one or more high schools, a charter school, or a private secondary school shall not make or enforce a rule subjecting a high school pupil to disciplinary sanctions solely on the basis of conduct that is speech or other communication that, when engaged in outside of the campus, is protected from governmental restriction by the First Amendment to the United States Constitution or Section 2 of Article I of the California Constitution.

**14th Amendment**

23.    The 14th Amendment of the U.S. Constitution provides that "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

24.    "The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause. The Due Process Clause also forbids arbitrary deprivations of liberty." *Goss v. Lopez*, 419 U.S. 565 (1975).

**Fourth Amendment**

25.    The Fourth Amendment of the U.S. Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".

26.    The right of the people to be secure in their persons includes a right to be secure from excessive force. *Graham v. Connor*, 490 U.S. 386 (1989)

///

**Instagram**

27.     Instagram is a mobile photo-sharing application and service platform that allows users to share pictures and videos either publicly or privately on the service platform, as well as through a variety of other social networking platforms, such as Facebook, Twitter, Tumblr, and Flickr.

28.     Instagram allows its users to comment on, "like" images and posts, as well as to passively "follow" the commentary of other Instagram users.

29.     On or about November 2016 through January 2017 a number of images with prejudiced and potentially bigoted overtones were uploaded to Instagram by a student who was attending Albany High School. This student uploaded these images to his private, personal account that had no connection with any official school activity or any official school account on any other social media platform.

30.     At the time that this student posted these images, a number of his friends and acquaintances, also students at Albany High School, who had previously "followed" this student through his private Instagram account were, consequently, passively following his page, commentary, and posts.

31.     A number of students that were following this student's Instagram page commented on or "liked" the images that the student had posted.

32.     On or about March 2017 and on information and belief, a female student at Albany High School commandeered the mobile phone of a male student that had "followed" the student's Instagram page. This female student viewed the male student's Instagram page from his mobile phone, took screen grabs of the male student's Instagram account, and either directly or indirectly caused these screen grabs to be forwarded to administrators of the Albany High School and AUSD.

33.     These screen grabs and consequently the posted images, comments, "likes", and even the simple act of passively following the student's Instagram account was subsequently deemed objectionable by officials of Albany High School and AUSD, resulting in formal disciple for all students implicated.

///

**Suspension, Incendiary School Emails, Student Demonstration, and Assault and Battery**

34.     When AUSD became aware of the images that had been posted to Instagram, AUSD or its officials felt that it was within their purview to punish the students that had posted the images or any other students that were in any way connected to the postings. Each and every student that had posted, commented, "liked" the images, or had simply passively followed the account of the student who had originally posted the images were either suspended or were suspended pending expulsion. AUSD proffered a "zero tolerance approach" to justify their actions despite even attenuated connections Plaintiffs had with the images that AUSD and its administrators considered offensive. The students' suspensions, including the Plaintiffs, commenced on or about March 23, 2017.

35.     When the decisions of AUSD regarding formal discipline in the form of suspensions and expulsions were officially handed down, the suspended students were notified by Defendant Pfohl, the Assistant Principal of the Albany High School, that the official policy of AUSD was to only confer two (2) day suspensions, but that the "egregious" nature of the violations necessitated that the school board deviate from normal procedure and that administrators had been given wider latitude to hand down heftier punishments. Accordingly, Plaintiffs' suspensions were increased from two (2) day suspensions to five (5) day suspensions, and, in the case of Kevin Chen, converted to an indefinite duration pending an expulsion hearing.

36.     On or about March 28, 2017, Defendant Williams, the Superintendent of AUSD, and Defendant Anderson, Principal of the Albany High School, commenced a series of poorly thought out and incendiary emails directed to the students and parents of AUSD as well as the community at large. These emails painted Plaintiffs and several other students as "racists" and "harmers." These emails also documented and reported other "racist activities" at the school and the school's current crack down on these discovered activities.

37.     On or about March 30, 2017, this series of emails culminated in an unsubstantiated and irresponsible claim that a "noose" had been discovered in a neighboring park. The "noose" was later discovered to be a broken swing that children had been playing on in the park the day before. The effect of these incendiary emails was simply to foment community uproar, stir local media coverage,

and become the impetus for subsequent violent altercation(s) among student demonstrators against the Plaintiff Shen.

38.     When formal discipline and punishments had concluded and the suspended students were allowed to return to school on March 30, 2017, Plaintiffs, excluding Chen, were forced to take part in several "healing" exercises throughout the day.

39.     On the morning of March 30, 2017, the Plaintiffs, excluding Chen, and the other suspended students were forced to march through the high school and were lined up in full view of all or most of the student body. School administrators allowed the student body to hurl obscenities, scream profanities, and jeer at the Plaintiffs and the other suspended students, who were all not allowed to leave what the school considered an act of "atonement" but was rather a thinly veiled form of public shaming. Plaintiffs and the other suspended students were forced to endure this berating and emotional abuse until one of their parents, who was present, finally objected vehemently to school officials.

40.     On the afternoon of March 30, 2017, AUSD scheduled for a "voluntary" restorative justice session with the Plaintiffs, excluding Chen, and the other suspended students. This session was conducted by a local organization called SEEDS. During the activity, a few hundred incensed students, individuals, and news media, who had been notified of the meeting by school administrators in email and encouraged to demonstrate, began to gather outside of the meeting room where parents, Plaintiff(s), and the other suspended students were present. As the session was coming to a close, the Plaintiff(s), other suspended students, as well the parents in attendance came to fear for their physical safety and requested that the school provide security or call the local police to escort them from the building. The school administrator present, Defendant Anderson, declined and insinuated that they had to fend themselves and provide for their own safety. Eventually, one plain clothes detective of the Albany Police Department arrived after one of parents in attendance called and frantically requested protection. Having been briefly by AUSD officials, the officer declined to offer protective services told Plaintiff(s) and their parents in attendance "you caused this."

41.     Although the Plaintiff(s), other suspended students, and parents in attendance tried to escape the building quickly, two of the students were struck in the head by an enraged demonstrator,

one sustaining bruising and scrapes to his head and side of his face and the other a broken nose and other lacerations to his head and face. Several of the students and parents were forced to hide in locked vehicles to prevent further violence.

42.     On the following day, March 31, 2017, the Albany High School allowed all of the previously suspended students 20 days of independent study so that they would not have to return to school immediately, if they feared for their safety. This plan for independent study was poorly conceived and provided little insight as to how the students would receive instruction, prepare, or turn in assigned course materials. In fact, AUSD was so poorly prepared for this foreseeable situation that it was forced to forgo its normal policies and procedures to provide this remedy to the students to ensure their protection. Plaintiffs chose not to return to school on the following Monday, April 3, 2017.

43.     Other similarly situated students that did choose to return to school on April 3, 2017 were provided with body guards by the school district to escort them to and from classes to ensure their continued protection.

44.     Since Plaintiffs, except, returned from their suspensions, AUSD and Williams have had a series of town hall style Board meetings allowing the general public to showcase their feelings about the matter. These Board meetings have not only been poorly run and conceived, they have served only to further throw gasoline on a sensitive topic, dispel any hope of an objective and unbiased resolution from an elected school board, and further target Plaintiffs amongst their peers and the community in general

45.     Plaintiffs have all have suffered emotional distress due to these incidents.  Including anxiety, fear, insomnia and other distress.

**Plaintiff Phillip Shen.**

46.     Plaintiff Philip Shen is a minor and a student at Albany High School.

47.     On or about December 2016 or January 2017, Philip Shen came upon one of the images posted on Instagram by another student and made a responsive comment of "yep" to another previous comment.

///

48.     On or about March 23, 2017, Philip Shen was called to the Principal's office and questioned in the presence of two Albany police officers without his parents present. Philip was subsequently suspended for five (5) days due for posting "yep" in response to the original post.

49.     On or about March 24, 2017, Philip Shen and a friend were playing tennis on a municipal tennis court, and otherwise abiding by the terms of their suspensions as these terms had been previously described to them during their disciplinary meeting earlier the same day. Three school administrators, Defendant Pfohl, Tami Benau, and Darren McNally, began berating the students while on the tennis court, and threatened to have them removed by the police.

50.     On or about March 31, 2017, Defendant Pfohl told Philip Shen and his father, John Shen, that the school was, at that moment, declining to levy further disciplinary action because they were too busy dealing with the "peaceful demonstration" that had gotten violent the day before. Defendant Pfohl clearly stated that the school would revisit the issue of additional discipline if and when it chose to do so.

51.     In or about the week of March 27, 2017, Philip Shen was denied the ability to take a math examination by his teacher defendant Young. Upon request to make-up the examination, AUSD and Administrators of the Albany High School notified Philip and his parents that permission to make-up the missed examination was discretionary upon Defendant Young. Defendant Young has failed to allow Philip to make-up this examination, thus impacting Philip's grade in the math course.

52.     Philip Shen has received a permanent mark on his high school transcript for the suspension. This will negatively affect his ability to apply to colleges, scholarships and other post-secondary opportunities.

53.     When returning to school on March 30, 2017, Philip Shen and others were forced to march through the school in full view of all or most of the student body as "atonement" and as a form of shaming for his single comment on a single image that was posted by someone else.

54.     On or about the afternoon of March 30, 2017, Philip Shen felt coerced to participate in a restorative justice session that was planned and promoted by AUSD, he was assaulted and battered

by an incensed, fellow student who was participating in an uncontrolled and poorly planned, "peaceful" demonstration as he was try to escape from the school property.

**Plaintiff Nima Kormi.**

55.     Plaintiff Nima Kormi is a minor and a student at Albany High School.

56.     On or about December 2016 or January 2017, Nima Kormi came upon one of the images posted on Instagram by another student, commented "this account is only targeting black people."

57.     On or about March 23, 2017, Nima was called to the Principal's office and questioned in the presence of two Albany police officers without his parents present. Nima was subsequently suspended for five (5) days for posting his criticism of the image posted to the Instagram account.

58.     Nima Kormi has received a permanent mark on his high school transcript for the suspension. This will negatively affect his ability to apply to colleges, scholarships and other post-secondary opportunities.

59.     When returning to school on March 30, 2017, Nima Kormi and others were forced to march through the school in full view of all or most of the student body as "atonement" and as a form of shaming for his single comment on the single image on the private Instagram page.

60.     On or about the afternoon of March 30, 2017 and after Nima was coerced to participated in a restorative justice session that was planned and promoted by the school district.

**Plaintiff Michael Bales.**

61.     Plaintiff Michael Bales is a minor and a student at Albany High School.

62.     Michael Bales "followed" another student on Instagram. At some point he made a sarcastic remark to one of the images that had been posted to the Instagram account and "liked" a few posted images on the private account.

63.     On or about March 23, 2017, Michael was called to the Principal's office and questioned in the presence of two Albany police officers without his parents present. Michael was subsequently suspended for five (5) days because he had been passively following the posts of the other student despite having made no responsive comments to posted images.

64.     Michael Bales has received a permanent mark on his high school transcript for the suspension. This will negatively affect his ability to apply to colleges, scholarships and other post-secondary opportunities.

65.     When returning to school on March 30, 2017, Michael Bales and others were forced to march through the school in full view of all or most of the student body as "atonement" and as a form of shaming for having passively followed the Instagram account of another student.

66.     On or about the afternoon of March 30, 2017 and Michael felt coerced to participated in a restorative justice session that was planned and promoted by the school district, Michael was forced to escape from school property to avoid an uncontrolled and poorly planned, "peaceful" demonstration, where fellow students were assaulted and battered.

**Plaintiff Kevin Chen.**

67.     Plaintiff Kevin Chen is a minor and a student at Albany High School.

68.     On or about December 2016 or January 2017, Kevin Chen came upon several images that were posted on Instagram by another student on his private account. Kevin "liked" several of the images and was responsive to comments previously made on two.

69.     On or about December 2016 or January 2017, Kevin Chen posted a picture to his Snap Chat account. At some point during the approximate five seconds that the image was live, another student commandeered the image with a screenshot and posted the image to his private Instagram account, adding somewhat objectionable commentary and thereby changing the context of the image. Kevin Chen did not play in part in posting or republishing the image and furthermore did not instigate dialogue regarding the image.

70.     On or about March 20, 2017, AUSD and Albany High School administrators were made aware of the image as well as a number of other images posted to the private Instagram account of a student at Albany high School and called the City of Albany Police Department.

71.     On or about March 21, 2017, Kevin Chen was interrogated by Defendant Jeff Anderson in the presence of Albany Police Officers.

///

72.   During the interrogation, Kevin Chen was questioned regarding "likes," "following," and comments that he made on the private Instagram account of another student. Kevin was accused of providing an image that was subsequently republished by another student along with objectionable commentary (not provided by Kevin) to that student's Instagram account as well as "following," "liking," and commenting on the other student's social media page.

73.   Despite being outside of Albany High School and unrelated to any activity sponsored by the school, Kevin Chen's social media habits and largely, passive following of other accounts was deemed objectionable by Defendant Jeff Anderson and Defendant AUSD.

74.   On or about March 21, 2017, Defendant Jeff Anderson suspended Kevin Chen for five days.

75.   On or about March 24, 2017 and during his original suspension, Defendant Jeff Anderson called an additional meeting with Kevin Chen and his father Kai Dong Chen and thereafter recommended Kevin for expulsion and made his suspension indefinite pending an expulsion hearing.

76.   Since March 24, 2017, Kevin Chen has been prohibited from returning to school. He has been prohibited from receiving an education from AUSD and the Albany High School. Kevin has been prohibited from participating in classes, taking any tests, quizzes, performing any laboratory exercises, being involved in any extracurricular activities, and, consequently, has missed three Advance Placement (AP) examinations that he was scheduled to complete and that cannot be rescheduled.

77.   On or about April 22, 2017, Kevin Chen received notice from Albany High School of a proposed date for his expulsion hearing. Specifically, Kevin was accused of "following the [Instagram] account [of another student], liking and commenting on … material that was posted to the account."

///

///

///

///

**FIRST CAUSE OF ACTION**

**(Violation of the First Amendment to the United States Constitution,**

**42 U.S.C. § 1983 - Against All Defendants)**

78.    Plaintiffs repeat and re-plead Paragraphs 1 through 77, inclusive, and incorporate the same herein by reference.

79.    The Defendants suspended Plaintiffs based upon conduct protected by the First Amendment of the United States. As such it violates Plaintiffs' First Amendment rights.

80.    The original images posted and commented on were expressive/political speech.

81.    Plaintiffs comments and "likes" of the image(s) are also protected speech.

82.    The commenting/liking of the image occurred completely outside of school and school functions.

83.    Thus, Defendants had no authority to punish Plaintiffs based upon constitutionally protected conduct.

84.    Thus, Defendants violated Plaintiffs First Amendment rights.

**SECOND CAUSE OF ACTION**

**(Interference with Rights Secured by the Constitution or Laws of the State of California**

**Violation of Cal. Educ. Code Sec. 48950(a) - Against All Defendants)**

85.    Plaintiffs repeat and re-plead Paragraphs 1 through 84, inclusive, and incorporate the same herein by reference.

86.    The Defendants suspended Plaintiffs based upon conduct protected by the First Amendment to the United States Constitution. Consequently, this conduct is also protected under California law.

87.    The original image(s) commented on were expressive/political speech.

88.    Plaintiffs' comments and "likes" of the image(s) are also protected speech.

89.    The commenting/liking of the image(s) occurred completely outside of school and school functions.

///

90.     Thus, Defendants had no authority to punish Plaintiffs based upon constitutionally protected conduct.

91.     Thus, Defendants violated Plaintiffs' civil rights under California law.

### THIRD CAUSE OF ACTION

### (Violation of 14th Amendment - Right to Due Process –

### Against All Defendants Except Young)

92.     Plaintiffs repeat and re-plead Paragraphs 1 through 91, inclusive, and incorporate the same herein by reference.

93.     The Albany High School Code of Discipline allow for a suspension of no more than two days for behavior of this nature. Attached hereto as Exhibit A is a true and correct copy of the Albany High School Code of Discipline.

94.     Plaintiffs' suspensions were arbitrarily and capriciously extended beyond the duration specified in the AUSD disciplinary manual by administrators for Albany High School.

95.     This is a clear violation of Plaintiffs' right to Due Process under the 14th Amendment.

### FOURTH CAUSE OF ACTION

### (Violation of 4th Amendment Right to Liberty –

### All Plaintiffs Except Chen Against All Defendants )

96.     Plaintiffs repeat and re-plead Paragraphs 1 through 95, inclusive, and incorporate the same herein by reference.

97.     The right to be free from search and seizures includes a right to be free from excessive force. *Graham v. Connor*, 490 U.S. 386 (1989).

98.     Excessive force is to be decided on an objective reasonableness standards. *Id.*

99.     Defendants have a duty of care over their students which include all Plaintiffs.

100.    On or about early March of 2017, AUSD, Defendant Williams, and Defendant Anderson investigated the personal Instagram accounts of several students. Their investigation uncovered posts made by one student that had racist and bigoted overtones. These posts were made on a private account, outside of the confines of the school, and unrelated to any school sanctioned

activity. Nonetheless, AUSD, Defendant Williams, and Defendant Anderson enacted disciplinary action upon any student for this protected speech despite their level of involvement after having been interrogated by school officials and two Albany City Police Officers, notably without the notification or permission of their parents. Plaintiffs' role in these posts were innocuous at best, with one even rebuking a post for its subject matter. Plaintiffs were all suspended for five (5) days, a punishment excessive in light of the AUSD's common practices.

101.   On or about March 28, 2017, Defendant Williams and Defendant Anderson began an email campaign regarding racism in the school district and the city of Albany that were directed to the students and parents of AUSD as well as the community at large. These emails painted Plaintiffs and several other students as "racists" and "harmers." These emails also documented and reported other "racist activities" at the school and the school's current crack down on these discovered activities. Some of the facts that were conveyed in these emails were false, and, at best, cast Plaintiffs in a false light. The emails and their contents demonstrated a fundamental lack of good judgment on the part of the school administrators. Defendants have exacerbated a minor issue for their own notoriety and spotlight and have fomented hatred, fear, and violence of the student body and community against Plaintiffs.

102.   On or about the morning of March 30, 2017, the Plaintiffs and the other suspended students were forced to march through the high school and were lined up in full view of all or most of the student body where the student body was allowed to hurl obscenities, scream profanities, and jeer at the Plaintiffs. Plaintiffs were identified as "racists" and "harmers," berated, and scorned in a public forum as "atonement" for their accused conduct.

103.   Defendants breached that duty of care by forcing Plaintiffs to walk through the high school in clear view of the student body and labeling them as "racists" and "harmers." Defendants' forcible detentions of Plaintiffs were arbitrary, capricious, and done with the purpose of restraining Plaintiffs' activities on campus as students and as a form of punishment and public shaming.

104.   At no time did Plaintiffs or their parents' consent to any of these acts of Defendants alleged herein.

-16-
COMPLAINT

105.    On or about the afternoon of March 30, 2017, Plaintiffs were lured to a "restorative justice session" while AUSD, Defendant Williams, and Defendant Anderson emailed the student body and the general public inciting a demonstration immediately outside. AUSD, Defendant Williams, and Defendant Anderson failed to provide any means of crowd control or protection for Plaintiffs and other similarly situated students, despite the appeals of the students and parents to do so. Consequently, Plaintiffs had to escape in fear for their safety.

106.    Plaintiff Philip Shen and another student were, in fact, battered by another student when they were attempting to escape and thereby sustained physical injured. All Plaintiffs were placed in fear for their life and safety.

107.    Defendants knew or should have known that this would place Plaintiffs in harm's way.

108.    Defendants again breached that duty of care by luring the Plaintiffs to a restorative justice meeting and with reckless indifference publishing the time and whereabouts of this meeting to the student body and public at large after they had labeled the Plaintiffs as "racists" and "harmers," thereby encouraging other students and the public to organize and participate in demonstrations without prior, responsible planning for any sort of crowd control or Plaintiffs' safety.

109.    Defendants further violated this duty of care when Defendant Anderson refused to call the police when Plaintiffs and their parents repeatedly and vehemently asked and begged him to do so.

110.    Defendants, and all of them, acting in the course and scope of their employment with AUSD failed to use ordinary care in the supervision of their staff, administrators, students, and acted with indifference and conscious disregard for the rights, safety, and well-being of Plaintiffs.

111.    Defendants' breach of their duty of care caused Plaintiffs to suffer both physical and emotional injury in violation of the 14th Amendment.

112.    After returning to school, Plaintiffs were prevented from making up examinations and other coursework during their suspensions. Although AUSD's policy is that teachers have the discretion as to whether students under suspension have the ability to make up course work, Defendant Pfohl and AUSD officials lobbied their teachers to prevent Plaintiffs from making up this work.

113.    Furthermore, as a school district, the AUSD has a special relationship to the students in the district schools, including Plaintiffs. As a result of this special relationship, AUSD has a duty to ensure the safety of its students and the competence of its employees in their interactions with the students. AUSD's duty thus requires that it use reasonable care in supervising its employees.

114.    Competent school employees should not be inciting unruly assemblies by authoring haphazard emails preying upon societal prejudices and hatred or that single out specific students for retribution, ostracism, or public rebuke. Competent school employees should not be lining students up in front of their peers for the purpose of humiliation and public shaming as a form of disciplinary action. Competent school employees should not be putting students at risk of physical harm, emotional damage, social ostracism, and criminal prosecution. Competent school employees should not be placing students in any kind of risk without first notifying the students' parents and obtaining permission from them. Competent school administrators should not deviate from published disciplinary policies and standard procedures, despite their personal feelings and moralities. Competent school administration should train their staff to abide by the law, utilize proper procedures to investigate suspected criminal wrongdoing on campus, and to avoid placing students in situations in which their integrity as members of the student body are compromised and they are subject to ostracism and potential danger. Defendants AUSD, Albany High School, Williams, Anderson, and Pfohl engaged in all of these actions.

115.    AUSD has repeatedly failed to properly and adequately supervise Defendants, and all of them, despite numerous acts of willful, negligent, and outrageous character. AUSD knew, or in the exercise of reasonable diligence should have known, that AUSD's failure to adequately train and supervise Defendants, and all of them, would cause foreseeable injuries to Plaintiffs. Had Defendants, and all of them, been properly trained and adequately supervised, their poor judgment in all facets of this chain of events would have been readily apparent.

116.    Defendants conduct during these proceedings was not objectively reasonable and caused plaintiffs both emotional and physical injury.

117.    Thus, a violation of the 4th Amendment occurred.

**FIFTH CAUSE OF ACTION**

**(Violation of 14th Amendment - Unreasonable Mistreatment –**

**All Plaintiffs Except Chen Against All Defendants)**

118.    Plaintiffs repeat and re-plead Paragraphs 1 through 117, inclusive, and incorporate the same herein by reference.

119.    The right to Due Process includes a right to be free from excessive force. *Graham v. Connor*, 490 U.S. 386 (1989)

120.    Defendants intentionally created a situation where they knew or should have known that Plaintiffs would sustain physical harm or were in immediate peril of physical harm.

121.    The events that trigger Defendants' 14th Amendment claims under this cause of action are the same as alleged in the fourth cause of action.

122.    Defendants did so maliciously in order to punish Plaintiffs for their perceived racism.

123.    This constitutes a violation of the 14th Amendment's right to be free from excessive force.

**LEAVE TO AMEND**

Plaintiffs find it necessary to file on their constitutional claims immediately in order to stave off immediate and irreparable harm. A full accounting of this irreparable harm is detailed out in the attached motion for preliminary injunction. Plaintiffs have a number of state tort claims for damages which they wish this Court to address. However, prior to presenting these matters to this Court, Plaintiffs are bound to comply with the California Tort Claims Act.  Assuming, the State denies their claims, Plaintiffs expressly reserve leave to amend in order to present those claims to this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.    An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual

notice of the injunction requiring them to allow all Plaintiffs to immediately return to school and for all Plaintiffs school records be corrected by removing any suspensions or expulsions stemming from the complained about conduct from their record.

2.      As order allowing Plaintiffs to make up any missed school work so that their grades are not adversely affected by Defendants violation of their rights.

3.      An order declaring that Defendants complained about conduct is unconstitutional and violates the First and Fourteenth Amendment to the United States Constitution;

4.      Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

5.      Damages to be determined at trial;

6.      Such other Declaratory relief consistent with the injunction as appropriate;

7.      Punitive damages; and

8.      Such other further relief as the Court deems just and appropriate.


Dated:  April 30, 2017

Respectfully submitted,


By: _____/S/_____
                    Darryl D. Yorkey, Esq.
                    Attorney for Plaintiffs:
                    Philip Shen, Nima Kormi, Michael Bales, and
                    Kevin Chen



By: _____/S/_____
                    Alan Beck, Esq.
                    Attorney for Plaintiffs:
                    Philip Shen, Nima Kormi, Michael Bales, and
                    Kevin Chen

## **Exhibit A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27