United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP SHEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALBANY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 17-cv-02478-JD<br><br>**ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 1 |

    Plaintiffs are four Albany High School students who were suspended in relation to a number of racially charged images posted to Instagram by another student who is not a party here. Plaintiffs do not dispute that the images had "prejudiced and potentially bigoted overtones," and that they commented on, "followed" and/or "liked" some of those images. Dkt. No. 2 ¶¶ 29, 46-77. But they maintain that the Instagram account was a "private, personal account" of the non-party poster that "had no connection with any official school activity or any official school account on any other social media platform." *Id*. Plaintiffs filed a complaint against the Albany Unified School District, Albany High School and four individuals that challenges the school disciplinary proceedings as improper under the First, Fourth and Fourteenth Amendments to the United States Constitution and a California state education law. Dkt. No. 2. Before the Court is plaintiffs' motion for a temporary restraining order to preserve the status quo while the Court considers the merits of the claims. Dkt. No. 1. The Court grants the motion in part.

**DISCUSSION**

    As an initial matter, the Court treats this as a request for a temporary restraining order with notice to the other side. Plaintiffs' motion for a temporary restraining order was filed on May 1, 2017. Dkt. No. 1. Although that filing did not include the requisite attorney certification about

efforts made to give notice, *see* Fed. R. Civ. Pro. 65(b)(1)(B), defense counsel subsequently filed notices of appearance on the ECF docket on May 8, 2017. Dkt. Nos. 12, 13, 14. Defense counsel also participated in a telephone conference on May 23, 2017, in which the Court discussed the TRO application with all parties and stated it was likely to grant a temporary restraining order if defendants would not voluntarily agree to a standstill pending further proceedings. Dkt. No. 22. Defendants have not opposed plaintiffs' motion, and the Court finds that they have received adequate written and oral notice that a temporary restraining order might be ordered.[1]

A request for a temporary restraining order is decided under the same factors as a preliminary injunction motion. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 n.7 (9th Cir. 2001). The plaintiff must establish that he is likely to succeed on the merits, is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor and an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Our circuit also uses the "serious questions" approach under which an injunction may be ordered when plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, in addition to meeting the other elements of the *Winter* test. *Id*. at 1131-32. "[A]t an irreducible minimum," the party seeking an injunction "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012).

The First Amendment is central to plaintiffs' case, and there is no doubt that they have raised "serious questions" under it. As our circuit has recognized, "[c]ourts have long dealt with the tension between students' First Amendment rights and 'the special characteristics of the school environment,'" and that challenge has been made all the more difficult in our modern times because, "outside of the official school environment, students are instant messaging, texting, emailing, Twittering, Tumblring, and otherwise communicating electronically." *Wynar v.*

---

[1] Consequently, the 14-day limitation in Federal Rule of Civil Procedure 65(b)(2) does not apply.

2

*Douglas County School Dist.*, 728 F.3d 1062, 1064 (9th Cir. 2013). Here, the students were communicating via Instagram. The application of the Supreme Court's school speech jurisprudence to the type of off-campus speech at issue in this case raises open and complex questions that our circuit has expressly held are not amendable to "a one-size fits all approach." *Id*. at 1067-69. The questions here include, among others: the degree to which First Amendment protections apply to the students' off-campus speech on Instagram; which analytical framework applies (*see Wynar,* 728 F.3d at 1067, listing Supreme Court's "four lead student speech cases" and the respective areas of student speech each governs) and what outcome is dictated by the relevant analysis; and how, if at all, the analysis is affected by the fact that plaintiffs did not directly post the images but only commented on them. These questions are clearly "serious enough to require litigation," *Pimentel*, 670 F.3d at 1105-06, and are sufficient to meet that TRO element without consideration of plaintiffs' other claims.

For irreparable harm, plaintiffs have focused on plaintiff Kevin Chen, who faces an expulsion hearing on June 1, 2017. *See* Dkt. No. 1-1 at 11, Dkt. No. 25. The Court finds that a public school disciplinary hearing that would chill or violate First Amendment rights undoubtedly qualifies as irreparable harm. The Court is also advised that Chen is a rising senior about to start the college admissions process, and being wrongly expelled would likely cause irreparable harm to his admission prospects. These factors amply satisfy the harm showing for a TRO.

Plaintiffs have not, however, established irreparable harm for the mandatory measures they seek -- *i.e.*, to "remove any and all record of disciplinary action related to this incident" and to "allow plaintiffs to make up any work missed as a result of their suspensions." Dkt. No. 1 at 2. "The sole purpose of a temporary restraining order is to preserve the status quo pending hearing on the moving party's application for a preliminary injunction," *Alison O. v. Anthem Blue Cross Life and Health Ins. Co.*, No. C 13-4787 PJH, 2013 WL 5979515, at *6 (N.D. Cal. Nov. 8, 2013), and "status quo" means the last uncontested status that preceded the pending controversy. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). Plaintiffs' requests that are not limited to enjoining further disciplinary action go too far beyond maintaining the status quo. The requests appear to be based on their fear that this lawsuit will "take years to resolve," Dkt. No. 1-1

3

at 12, but as the Court has already discussed with the parties, that will not happen here. The Court consequently finds that plaintiffs have established irreparable harm only for Chen's upcoming expulsion hearing and any other new disciplinary proceedings or actions defendants may take against plaintiffs before the Court resolves this case on the merits.

On the balance of the equities, this case directly implicates these four high school students' First Amendment rights, and the outcome of the case could have a strong impact on their ability to apply for and be admitted to the colleges of their choice. Defendants have not presented evidence suggesting any countervailing considerations. The balance tips sharply in plaintiffs' favor. In addition, a TRO is in the public interest.

## CONCLUSION

The motion for a temporary restraining order, Dkt. No. 1, is granted in part. Defendant Albany Unified School District is enjoined from proceeding with the expulsion hearing for plaintiff Kevin Chen that is currently scheduled for June 1, 2017. All defendants are also enjoined from holding any disciplinary proceedings or taking any other disciplinary action against plaintiffs based on the conduct that is at issue in this case pending further order of the Court. Given the nature of the case and the relief ordered, a bond need not be posted under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

As discussed with the parties during the May 23, 2017, telephone conference, the Court will proceed directly to an early, partial summary judgment proceeding as contemplated by Federal Rule of Civil Procedure 65(a)(2). Consistent with the parties' stipulation, Dkt. No. 27, the Court sets a summary judgment hearing for **July 13, 2017, at 10:00 a.m.**, and the parties are directed to follow the briefing schedule that was proposed for that hearing date. The pending motion for preliminary injunction, Dkt. No. 10, will be terminated as moot.

**IT IS SO ORDERED.**

Dated: May 26, 2017

JAMES DONATO
United States District Judge

4