UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP SHEN, et al., <br>     Plaintiffs, <br>   v. <br> ALBANY UNIFIED SCHOOL DISTRICT, et al., <br>     Defendants. | Case Nos.   3:17-cv-02478-JD (lead case) <br>                 3:17-cv-02767-JD <br>                 3:17-cv-03657-JD <br><br> **ORDER RE MOTION TO DISMISS CONSOLIDATED COMPLAINT** <br><br> Re: Dkt. No. 128 |
| RICK ROE, et al., <br>     Plaintiffs, <br>   v. <br> ALBANY UNIFIED SCHOOL DISTRICT, et al., <br> Defendants. | |
| C. E., <br>     Plaintiff, <br>   v. <br> ALBANY UNIFIED SCHOOL DISTRICT, et al., <br>     Defendants. | |

These related cases arise out of disciplinary actions taken by Albany Unified School District ("AUSD" or "the District") in response to racist and derogatory content posted on an Instagram account by several students at Albany High School ("AHS"). The factual background is discussed in detail in the Court's summary judgment order, which provides the context for this motion to dismiss order. *Shen v. Albany Unified Sch. Dist.*, No. 3:17-CV-02478-JD, 2017 WL

1    5890089 (N.D. Cal. Nov. 29, 2017). To summarize, plaintiff C.E. created the account in
2    November 2016 and gave access to a group of AHS students. In March 2017, the AHS student
3    body and school personnel discovered the account and its contents. AUSD expelled C.E. and
4    suspended the other students involved. AUSD also sponsored a variety of events in response to
5    the situation, including a "restorative justice" session that culminated in threats, and in some cases
6    physical assaults, against the disciplined students and their families.

Ten disciplined students filed four separate lawsuits alleging violations of free speech and due process under the federal constitution and California state law, and sued the District and its officials to set aside the disciplinary actions, among other relief. The lawsuits were related, and the parties agreed to resolve their First Amendment and related state law claims through early summary judgment motions. On summary judgment, the Court examined each plaintiff's involvement in the Instagram account and found that some, but not all, had been appropriately disciplined. One plaintiff settled with defendants while the motions were under consideration. *See* Dkt. No. 34 in Case No. 17-3418.

After the Court ruled on the free speech issues, plaintiffs filed two separate amended complaints. Philip Shen, Nima Kormi, Michael Bales, Kevin Chen, Nick Noe, and C.E. filed a first amended complaint, Dkt. No. 112, and John Doe, Rick Roe, and Paul Poe filed a second amended complaint, Dkt. No. 84 in Case No. 17-2767. Soon thereafter, six of the nine settled with the District and dismissed their claims. *See* Dkt. Nos. 160, 161, 162 (Nima Kormi, Michael Bales, and Nick Noe); Dkt. No. 119 (Case No. 17-2767) (John Doe, Rick Roe, and Paul Poe).

Three plaintiffs now remain in the case: Philip Shen, Kevin Chen, and C.E. The operative complaint is the consolidated first amended complaint filed at Dkt. No. 112 in the lead case. The District has moved to dismiss the complaint. Dkt. No. 128. The motion is granted in part and denied in part.

## LEGAL STANDARDS

Straightforward standards govern the application of Rule 12(b)(6). To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

The complaint alleges seventeen distinct causes of action against the District, various AHS and AUSD officials in their personal and official capacities, the AUSD Board of Education (BOE), and members of the BOE in their personal and official capacities.

**I.     The Federal Constitutional Claims**

Claims 1, 3, 5, 7, and 9 allege that defendants violated plaintiffs' federal constitutional rights. Only Claim 1 is pleaded as a Section 1983 claim, and the remaining claims do not mention Section 1983. The parties in their filings appear to treat all five claims as predicated on Section 1983, and the Court will do the same.

As an initial matter, none of these claims survive against the District, the BOE, or the individual defendants in their official capacities. These defendants cannot be held liable for money damages or prospective relief under Section 1983 unless plaintiffs identify a municipal policy, long-standing custom or practice, or decision by a "final policymaker" that caused their injuries. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013); *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 34 (2010); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Nor can the individual defendants be held liable in their official capacities unless plaintiffs establish that a municipal "policy or custom . . . played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs must plausibly allege a municipal policy, custom or practice, or decision by a final policymaker at the pleading stage. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). They have not done so. Nor have plaintiffs meaningfully pursued in the amended complaint a ratification theory against the public entities, or argued for one in their motion papers. *Christie v.*

3

*Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (ratification requires "knowledge of an unconstitutional act" as well as approval). These claims are dismissed without prejudice, and the rest of the order addresses the Section 1983 claims against only the individual defendants in their personal capacities.

### A. Claim 1: First Amendment

Claim 1 alleges violations of plaintiffs' First Amendment rights. The Court found on summary judgment that the District did not infringe Chen's, Shen's, or C.E.'s federal or state speech rights by disciplining them. Claim 1 is dismissed with prejudice.

### B. Claims 3 and 9: Procedural Due Process

In Claim 3, Shen and Chen allege that defendants violated their federal due process rights by arbitrarily extending their suspensions beyond the term set out in AUSD's disciplinary policies. In Claim 9, C.E. alleges that his federal due process rights were violated because his expulsion hearing was tainted by apparent and actual bias.

Because plaintiffs do not allege that they have exhausted administrative and judicial remedies, these claims will be dismissed. C.E. appealed his expulsion to the Alameda Board of Education, which upheld the BOE's expulsion decision. But C.E. admits that he "has pursued no further appeals or lawsuits in State Court related to his expulsion." Dkt. No. 112 at 17. The Ninth Circuit recently determined that the failure to exhaust judicial remedies precludes a Section 1983 claim in the circumstances of this case. *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th Cir. 2018). This court must "give preclusive effect to a state administrative decision if the California courts would do so. In California, . . . . [a] party must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and 'established process for judicial review' of an agency decision." *Id.* at 1155 (quoting *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000)). A school's disciplinary decisions are precisely "the sort of 'adjudicatory, quasi-judicial decision' that is subject to the judicial exhaustion requirement." *Id.* (quoting *Y.K.A. Indus., Inc. v. Redev. Agency of San Jose*, 174 Cal. App. 4th 339, 361 (2009)).

Shen and Chen do not allege that they appealed their suspensions to the Alameda Board of Education, and they appear to concede that they in fact did not appeal. Dkt. No. 134 at 5. Their

4

claims are dismissed without prejudice because the time to file a writ appears to be open. *See Doe v. Regents of the Univ. of California Regents*, 891 F.3d at 1155. n.8.

### C. Claim 5: Fourth Amendment

In Claim 5, Shen alleges that defendants violated the Fourth Amendment by: (1) forcing him to "march through the high school" and "line[] up in full view of all or most of the student body where the student body was allowed to hurl obscenities, scream profanities, and jeer at the Plaintiffs;" and (2) "lur[ing] [him] to a 'restorative justice session' while AUSD . . . . emailed the student body and the general public inciting a demonstration immediately outside. . . . [and] failed to provide any means of crowd control or protection." Dkt. No. 112 at 23-24. Shen alleges that he "had to escape in fear for [his] safety" and that he was "punched in the head and torso and sustained bruising and lacerations to his head and face" in the process. *Id.*

Shen has stated a plausible claim for unreasonable seizure. "It is clear that the Fourth Amendment applies in the school environment. . . . [and] extends to seizures by or at the direction of school officials." *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 908 (9th Cir. 2003). A seizure takes place "when there is a restraint on liberty to the degree that a reasonable person would not feel free to leave" and "violates the Fourth Amendment if it is objectively unreasonable under the circumstances. In applying the Fourth Amendment in the school context, the reasonableness of the seizure must be considered in light of the educational objectives [the school] was trying to achieve." *Id.* at 909 (internal citations omitted).

Shen says that defendants compelled him to parade through school while schoolmates shouted and verbally abused him, and "lured" him to a "restorative justice session" during which a crowd of protestors physically threatened and in fact injured him. The facts as alleged plausibly indicate that a reasonable student in Shen's position would not have felt free to disregard defendants' instructions, and that defendants' orchestration of these restorative justice events was objectively unreasonable under the circumstances. Dismissal is denied.

### D. Claim 7: Substantive Due Process

Claim 7 relies on many of the same factual allegations as Claim 5. Shen contends that AUSD violated his federal substantive due process rights under a theory of "state-created danger."

5

He adds that AUSD created "a dangerous situation by promoting the student demonstration, inciting the demonstrators with false stories of a 'noose,' notifying demonstrators when and where Plaintiffs were participating in a restorative justice section [sic], then failing to protect the Plaintiffs' identities and their safety." Dkt. No. 112 at 26.

It is well-established that state officials may be liable under the Fourteenth Amendment's substantive due process clause "in a variety of circumstances, for their roles in creating or exposing individuals to danger they otherwise would not have faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006). Recently, our circuit found that attendees of a Trump political rally stated a plausible substantive due process claim for state-created danger where San Jose police officers allegedly "directed them into [a] mob of violent [anti-Trump] protestors" and "were beaten, victimized by theft, and/or had objects such as bottles and eggs thrown at them" as a result. *Hernandez v. City of San Jose*, 897 F.3d 1125, __, 2018 WL 3597324, at *2 (internal quotations and modifications omitted).

Like the plaintiffs in *Hernandez*, Shen states a plausible substantive due process claim by alleging that defendants acted with deliberate indifference, and possibly even malice, in exposing him to danger he would not have otherwise faced by riling up the community, publishing the time and location of the restorative justice meeting, and failing to protect him from demonstrators who became physically violent and struck him. Dismissal is denied.

## II. The California Constitutional Claims

Claims 2, 4, 6, 8, and 10 are predicated on the same factual allegations and legal theories as Claims 1, 3, 5, 7, 9, restated under the California state constitution. Claim 2 is dismissed with prejudice for the same reasons that Claim 1 is dismissed with prejudice: the Court found on summary judgment that the District did not violate Shen's, Chen's, or C.E.'s federal or state free speech rights by disciplining them. Claims 4 (federal Claim 3) and 10 (federal Claim 9) are dismissed for the same reason of failure to allege exhaustion of administrative and judicial remedies.

Claim 6 is based on the same factual allegations as Claim 5 (the Fourth Amendment claim), and invokes Article I, Section 7(a) of the California Constitution, which provides, "A

person may not be deprived of life, liberty, or property without due process of law." Section 7(a) appears ill-suited to support an unreasonable seizure theory. Unreasonable seizures are covered by Section 13 of the California constitution. Section 7(a) on its face protects against the deprivation of liberty without due process of law, and the Ninth Circuit has cautioned that school-related claims for excessive force are appropriately brought as Fourth Amendment claims and not as substantive due process claims. *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d at 908-09. Claim 6 is dismissed without prejudice.

Claim 8 is based on the same factual allegations as Claim 7 (the claim for substantive due process), and also invokes Section 7(a). Defendants argue that Section 7(a) does not support an action for money damages under the facts alleged. In *Katzberg v. Regents of Univ. of California*, 29 Cal. 4th 300, 317-18 (2002), the California Supreme Court determined that Section 7(a) neither affirmatively authorizes nor affirmatively forecloses a damages action. Whether a plaintiff can recover money damages under Section 7(a) turns on "the 'constitutional tort' analysis adopted by *Bivens* and its progeny." *Id.* at 317. That inquiry looks to "whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision," as well as "the existence of any special factors counseling hesitation in recognizing a damages action, including deference to legislative judgment, avoidance of adverse policy consequences, considerations of government fiscal policy, practical issues of proof, and the competence of courts to assess particular types of damages." *Id.*

As this language indicates, the analysis under *Katzberg* is a complicated issue. Defendants have not done it justice by making what is effectively a passing reference to it in their briefs, and the Court declines to take it up in that underdeveloped form. If warranted, defendants may this argument again on a subsequent occasion.

**III. Common Law Claims**

Claims 11 through 16 allege common law claims for negligence, negligent supervision, intentional infliction of emotional distress, false arrest/false imprisonment, negligent training and supervision, and negligent infliction of emotional distress.

7

To the extent that these claims seek to impose direct liability on the public entity defendants (the District and the BOE), they must be dismissed because they do not specify any applicable statutory or constitutional duties. Under the California Torts Claim act, "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," except as provided by statute. Cal. Gov't Code § 815.

To the extent that these claims allege vicarious liability for the public entity defendants, or direct liability for the individual defendants, they are subject to dismissal because plaintiffs fail to show that their causes of action "lie[] outside the breadth of any applicable statutory immunity." *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882, 886 (Ct. App. 1982). The individual defendants' direct liability and the public entity defendants' vicarious liability turns on whether the individual defendants' actions were discretionary or not. *See* Cal. Gov't Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative," but "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability"); Cal. Gov't Code § 820.2 ("Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused"). Section 820.2 "protects 'basic policy decisions,' but does not protect 'operational' or 'ministerial' decisions that merely implement a basic policy decision." *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Johnson v. State of California*, 69 Cal.2d 782, 796 (1968)). Nowhere in the pleadings or the papers do either of the parties discuss whether individual defendants' actions were discretionary or not for purposes of Section 820.2. *Compare with Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 240 (2008) (prisoner plaintiff alleged correctional officers were performing non-discretionary, ministerial functions under Section 820.2).

Because claims 11 through 16 are predicated only on non-statutory and non-constitutional duties, and because plaintiffs do not allege that individual defendants' actions were merely "operational" or "ministerial" in nature for purposes of Section 820.2, they are dismissed with leave to amend.

Claim 17 is dismissed with prejudice pursuant to the parties' stipulation. Dkt. No. 175.

## CONCLUSION

These claims are dismissed with prejudice: 1, 2, and 17. These claims are dismissed with leave to amend: 3, 4, 6, 9, 10, 11-16. Dismissal is denied for these claims: 5 and 7, only to the extent that Claims 5 and 7 are alleged against the individual defendants in their personal capacities, and 8. An amended complaint is due by **September 14, 2018**. Failure to amend by that date will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 24, 2018

JAMES DONATO
United States District Judge