UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP SHEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALBANY UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No. 3:17-cv-02478-JD<br><br>**ORDER RE COSTS**<br><br>Re: Dkt. No. 221 |

The objection by plaintiffs Kevin Chen and C.E. to defendants' bill of costs for $62,368.51 is sustained. *See* Dkt. No. 221 (bill); Dkt. No. 224 (objection). No costs will be imposed.

The parties' familiarity with the record is assumed. "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). To rebut this presumption, the losing party must show why an award should not be ordered. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The decision to award costs *vel non* is entrusted to the Court's sound discretion. *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The factors guiding the exercise of discretion to deny costs include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014)). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id.* (quoting *Escriba*, 743 F.3d at 1247-48). The losing party need not demonstrate that all of these factors apply to avoid paying costs. *Id.*

In light of these considerations, and the case as a whole, an award of costs is not warranted. Chen and C.E. were among several Albany High School students disciplined for posting online comments about fellow students and school personnel that were racist and derogatory. *See* Dkt. Nos. 109, 191. The group challenged the disciplinary actions on First Amendment grounds, among others. Dkt. No. 109.

This was by no means a frivolous dispute. While the Court does not embrace plaintiffs' suggestion that this was a "close and difficult case" with largely novel legal issues, Dkt. No. 224 at 4, the litigation certainly presented a serious question of constitutional law in the context of schools and student speech. *See* Dkt. No. 109. The litigation attracted considerable public attention and press coverage. Although in the end governing law provided clear answers to the constitutional question and plaintiffs' attendant claims, several motions were required to get there. It is worth noting that defendants ultimately settled with several of the other plaintiffs. Overall, this was a case of some substance and public interest, which plaintiffs handled well within professional expectations.

The financial considerations provide additional reasons not to award costs. Chen and C.E. say that defendants are seeking all of their litigation costs from just the two of them, out of several plaintiffs. Dkt. No. 224 at 3. That is a disproportionate tax on Chen and C.E., all the more so because they filed declarations attesting to their inability to pay anything close to $62,368.51 in costs. C.E. averred that he is a community college student earning $20,000 per year from a part-time job at REI, with $8,600 in debt and ongoing monthly living expenses. Dkt. No. 224-4. Chen is a full-time university student who earned $1,500 in 2019, and expected no earnings in 2020, when the declaration was executed. Dkt. No. 224-3. Defendants did not contest this evidence in any way, and did not file a response of any sort to plaintiffs' objection to costs. Consequently, the record establishes that Chen and C.E. do not have the ability to pay costs.

The Court is also concerned that awarding a hefty measure of costs in these circumstances would unduly discourage prospective plaintiffs from bringing constitutional challenges in other cases. When, as here, a constitutional claim is not trivial, plaintiffs should have their day in court without fear that losing will stick them with a massive bill. *See Draper*, 836 F.3d at 1088. That is

1  particularly true in the context of a claim against a government entity, where the government
2  defendant typically has resources that vastly exceed the plaintiff's.
3      As a final observation, defendants' cost itemizations are not a model of clarity and detail.
4  Because costs are denied as a matter of discretion, the Court need not undertake the task of
5  reviewing every line item, but the cost entries are frequently opaque and unilluminating.
6  Examples include vague and rather curious entries such as "Billed Units," Dkt. No. 221, Exh. A,
7  at 3; "Case review -- User Licensing," Dkt. No. 22, Exh. C at 33; and "Warm Storage," Dkt. No.
8  221, Exh. C at 43.  These are not useful descriptions, and raise doubts about the plausibility of the
9  bill of costs as a whole.

10  **IT IS SO ORDERED.**

11  Dated: April 16, 2021

JAMES DONATO
United States District Judge